UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELICA MARIA CORONA,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. EDCV 14-1836 JC<br><br>MEMORANDUM OPINION AND ORDER OF REMAND |

## I. SUMMARY

On September 10, 2014, plaintiff Angelica Maria Corona ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; September 12, 2014 Case Management Order ¶ 5.

///

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On July 28, 2011, plaintiff filed an application for Supplemental Security Income. (Administrative Record ("AR") 177). Plaintiff asserted that she became disabled on April 5, 1982, due to a learning disability, thyroid glands, lupus, "cushion disease," and depression. (AR 205). The Administrative Law Judge ("ALJ") examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on January 31, 2013. (AR 48-63).

On February 26, 2013, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 33-44). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: lupus, arthritis, borderline intellectual functioning, and mood disorder (AR 35); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 36-37); (3) plaintiff retained the residual functional capacity to perform medium work (20 C.F.R. § 416.967(c)) with additional limitations[1] (AR 37); (4) plaintiff had no past relevant work (AR 43); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform, specifically dryer attendant, dining room attendant, and store laborer (AR

---

[1]The ALJ determined that plaintiff (i) completed 12th grade and was in special education; (ii) could lift and/or carry 50 pounds occasionally and 25 pounds frequently; (iii) could stand and/or walk six hours in an eight-hour work day with normal breaks; (iv) could sit without restriction; (v) could not perform work at unprotected heights, with dangerous machinery, or around bright sunlight; (vi) could not climb ladders; (vii) could frequently climb stairs, ramps, and could frequently stoop and band; (viii) could perform simple repetitive tasks in a non-public setting; (ix) could not have any intense sustained interaction with coworkers or supervisors; (x) could not perform fast-paced work such as conveyor belt or piece work; and (xi) could not have responsibility for the safety of others. (AR 37).

43); and (6) plaintiff's allegations regarding her limitations were not entirely credible (AR 39).

The Appeals Council denied plaintiff's application for review. (AR 1).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). The impairment must render the claimant incapable of performing the work the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

///
///

3

1    (4)   Does the claimant possess the residual functional capacity to
2          perform claimant's past relevant work? If so, the claimant is
3          not disabled. If not, proceed to step five.
4    (5)   Does the claimant's residual functional capacity, when
5          considered with the claimant's age, education, and work
6          experience, allow the claimant to adjust to other work that
7          exists in significant numbers in the national economy? If so,
8          the claimant is not disabled. If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at 1110 (same).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of proving disability).

**B.   Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Courts review only the reasons provided in the ALJ's decision, and the decision may not be affirmed on a ground upon which the ALJ did not rely. See Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (citing Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but

less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)). To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

      Even when an ALJ's decision contains error, it must still be affirmed if the error was harmless. Treichler v. Commissioner of Social Security Administration, 775 F.3d 1090, 1099 (9th Cir. 2014). An error is harmless if (1) the error was "inconsequential to the ultimate nondisability determination"; or (2) despite the error "the [ALJ's] path may reasonably be discerned[,]" even if the ALJ's decision was drafted "with less than ideal clarity[.]" Id. (quoting Alaska Department of Environmental Conservation v. Environmental Protection Agency, 540 U.S. 461, 497 (2004)) (internal quotation marks omitted). A court may not deem an ALJ's error harmless, however, by using "independent findings based on the evidence before the ALJ[.]" Brown-Hunter v. Colvin, __ F.3d __, 2015 WL 4620123, *4 (9th Cir. Aug. 4, 2015) (citations omitted); see also Marsh v. Colvin, __ F.3d __, 2015 WL 4153858, *2 (9th Cir. July 10, 2015) (district court may not use harmless error analysis to affirm decision "on a ground not invoked by the ALJ") (citing Securities and Exchange Commission v. Chenery Corp., 332 U.S. 194, 196 (1947) (courts must judge propriety of administrative agency decision "solely by the grounds invoked by the agency")).

## IV. DISCUSSION

      Plaintiff contends that a reversal or remand is warranted because the ALJ erred in evaluating the credibility of plaintiff's subjective complaints. (Plaintiff's

Motion at 4-8). The Court agrees. As the Court cannot find the ALJ's error harmless, a remand is warranted.

### A.     Pertinent Background

At the hearing plaintiff testified, in pertinent part, that she was very shy, she had "[r]eally, really, really bad joint pains" and "really painful headaches," she would "get anxiety attacks" and could not be with "a lot of people," she liked to walk, "but [could not] be in the sun that much" because of her lupus. (AR 53-54).

In a function report, plaintiff stated that she is afraid to step outside because she would get very bad skin rashes that hurt, she gets "irritated at everyone," she is depressed and bored, she has difficulty with personal care, she needs reminders to take care of personal needs, grooming, and medication, she leaves the house only once a week to take out the trash, she can ride in a car but does not drive because it makes her nervous, she cannot go out alone because she is "scared" and "feel[s] like someone is going to hurt [her]," she cannot handle money, she is shy and does not trust people, she can only lift six pounds and take a few steps at a time, she has "no attention at all" and cannot follow written or spoken instructions well, she is unable to get along with others and does not handle stress well, and is afraid to be by herself. (AR 228-34).

### B.     Pertinent Law

When a claimant provides "objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms alleged," and there has not been an affirmative finding that the claimant was malingering, the ALJ may discount the credibility of the claimant's statements regarding subjective symptoms only by "offering specific, clear and convincing reasons for doing so" supported by substantial evidence. Brown-Hunter, 2015 WL 4620123, at *5 (citation and internal quotation marks omitted). This requirement is very difficult to meet. See Garrison v. Colvin, 759 F.3d 995, 1015 (9th Cir. 2014) ("The clear and convincing standard is the most demanding required in Social

Security cases.") (citation and internal quotation marks omitted).  An ALJ must identify the specific testimony that lacks credibility, provide "clear and convincing reasons" why the testimony is not credible, and identify the specific evidence in the record which supports the ALJ's determination.  Brown-Hunter, 2015 WL 4620123, at *1, *6 (finding legal error where ALJ failed to identify testimony she found not credible and failed "[to] link that testimony to the particular parts of the record supporting her non-credibility determination").  An ALJ's finding that a claimant's testimony lacks credibility must be specific enough to permit a reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's subjective complaints.  Id. at *5 (citation and quotation marks omitted). "General findings are insufficient[.]"  Id. (citations omitted).

To find a claimant not credible, an ALJ must rely either on reasons unrelated to the subjective testimony (*e.g.*, reputation for dishonesty), internal contradictions in the claimant's statements and testimony, or conflicts between the claimant's testimony and the claimant's conduct (*e.g.*, daily activities, work record, unexplained or inadequately explained failure to seek treatment or to follow prescribed course of treatment).  Orn, 495 F.3d at 636; Robbins, 466 F.3d at 883; Burch, 400 F.3d at 980-81; Social Security Ruling 96-7p.

If the ALJ's interpretation of the claimant's testimony is reasonable and is supported by substantial evidence, it is not the court's role to "second-guess" it.  Rollins, 261 F.3d at 857 (citation omitted); see also Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006) (Evaluation of a claimant's credibility and resolution of conflicts in the testimony are solely functions of the Commissioner.) (citation omitted).

**C.   Analysis**

Here, the ALJ found plaintiff's statements concerning her subjective symptoms and limitations "not entirely credible" essentially for two reasons, specifically (1) plaintiff's daily activities were inconsistent with the alleged

severity of plaintiff's symptoms; and (2) the objective medical evidence did not support plaintiff's subjective complaints. (AR 39). As discussed below, the ALJ's reasons are legally insufficient. Since the Court cannot find the ALJ's errors harmless, a remand is required to permit the ALJ to reassess plaintiff's credibility.

First, the ALJ stated that plaintiff's daily activities undermined the credibility of her subjective complaints essentially because "[s]ome of the physical and mental abilities and social interactions required in order to perform [plaintiff's daily] activities [were] the same as those necessary for obtaining and maintaining employment." (AR 38). "Inconsistencies between a claimant's testimony and the claimant's reported activities [may] provide a valid reason for an adverse credibility determination." Burrell v. Colvin, 775 F.3d 1133, 1137-38 (9th Cir. 2014) (citation omitted). Here, however, the ALJ did not specify *which* of plaintiff's daily activities purportedly conflicted with *which* of plaintiff's subjective complaints. A general finding that plaintiff's collective daily activities are inconsistent with the alleged severity of some or all of plaintiff's subjective complaints is not sufficiently specific to permit the Court to determine whether the ALJ discounted plaintiff's credibility on permissible grounds. See, e.g., Brown-Hunter, 2015 WL 4620123, at *6 (legal error where ALJ fails to link claimant's testimony ALJ found not credible to particular parts of the record supporting non-credibility determination); Burrell, 775 F.3d at 1138-39 (rejecting Commissioner's argument that conflicts between claimant's complaints of headaches and treatment records for such headaches was a specific, clear, and convincing reason to support ALJ's credibility finding, where the ALJ never stated that rejection of plaintiff's allegations regarding headaches specifically rested on finding that claimant's treatment records for such headaches were inadequate).

Even so, the ALJ's credibility findings in this respect are not supported by substantial evidence. For example, the ALJ said "[plaintiff] testified that she was

able to play video games [and] . . . go to church[.]" (AR 38). At the hearing, however, plaintiff testified that she was unable to "play through a whole [video] game" and would play video games for less than an hour. (AR 59). Plaintiff also testified that she only "tried to go to church with her parents," and did not go every Sunday. (AR 53). The ALJ also said plaintiff testified she could "help her mother with chores." (AR 38). Plaintiff actually testified, however, that she generally did not help with chores, but on some days would "try to help [her mother] cook." (AR 55). While plaintiff did testify that she was able to "wash [her] own clothes," she also said she needed help from her mother to do so, and that if plaintiff was unable to follow her mother's instructions, plaintiff's mother would wash the clothing for her. (AR 55). In addition, plaintiff testified that while she would go food shopping with her family, at times she did not understand what was needed at the store. (AR 55). Also, while plaintiff stated in her function report that she was able to do laundry and dishes (as the ALJ pointed out), plaintiff elaborated that she could only do such chores for two hours at a time, and "sometimes [only] every other day," and that plaintiff needed "help or encouragement" from family members to do so. (AR 38, 230).

Even assuming that plaintiff retained the ability to carry on certain minimal activities of daily living (*e.g.*, preparing "ham and cheese sandwiches," "eat[ing] breakfast," watching television, and interacting with family members), the ALJ did not find, nor does the record reflect, that such activities "consume[d] a substantial part of [plaintiff's] day," and thus such evidence does not constitute a clear and convincing reason for discounting the claimant's credibility. See Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) ("[T]he mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability.") (citation omitted); see also id. at 1049 ("One does not need to be 'utterly incapacitated' in order to be disabled.") (citation omitted); Reddick

v. Chater, 157 F.3d 715, 722 (9th Cir. 1998) ("[D]isability claimants should not be penalized for attempting to lead normal lives in the face of their limitations.") (citations omitted); Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989) ("Many home activities are not easily transferable to . . . the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication."); see generally Fair, 885 F.2d at 603 ("[I]f a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit an allegation of disabling excess pain.").

Defendant contends that the ALJ, in fact, rejected plaintiff's testimony for multiple other reasons. (Defendant's Motion at 3-5) (citing AR 39). Nonetheless, it is not clear from the section of the decision defendant references that the ALJ intended to do more than discuss the overall medical evidence which generally supported the decision. (AR 39-40). To the extent the ALJ suggested that isolated treatment records revealed inconsistencies in plaintiff's testimony (AR 39), the ALJ's cursory findings did not rise to the level of "specific, clear and convincing" reasons required for discrediting plaintiff. Cf., e.g., Burrell, 775 F.3d at 1138 (ALJ's identification of conflict between claimant's hearing testimony and other statements made "in passing" and "in a different section than the credibility determination" insufficient to meet "requirements of specificity"); Robbins, 466 F.3d at 884 (cursory finding of conflicts in testimony "without further corroboration or explanation" insufficient to support adverse credibility finding) (citation and footnote omitted).

Second, absent any other clear and convincing reason for discounting plaintiff's credibility, the ALJ's second proffered reason – lack of objective medical evidence to support plaintiff's subjective complaints (AR 39-40) – is insufficient to support the ALJ's credibility determination. See Burch, 400 F.3d at

///

10

681 (Lack of objective medical evidence to support subjective symptom allegations cannot form the sole basis for discounting pain testimony.).

Finally, since the ALJ's reasons for discrediting plaintiff's symptom statements were not sufficiently specific, the Court is unable to conduct a meaningful review of the ALJ's credibility determination, and thus cannot conclude that the ALJ's errors were harmless.  Cf., e.g., Brown-Hunter, 2015 WL 4620123, at *4 (where ALJ fails to specify reasons for finding claimant testimony not credible, "[ALJ's] error will never be harmless") (citing Treichler, 775 F.3d at 1103).

## V.   CONCLUSION[2]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[3]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 11, 2015

                                                      /s/
                                    Honorable Jacqueline Chooljian
                                    UNITED STATES MAGISTRATE JUDGE

---

[2] The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.

[3] When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is proper where, as here, "additional proceedings can remedy defects in the original administrative proceeding. . . ." Garrison, 759 F.3d at 1019 (citation and internal quotation marks omitted); see also Connett, 340 F.3d at 876 (remand is an option where the ALJ stated invalid reasons for rejecting a claimant's excess pain testimony).